UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| GEORGE MINOR | CIVIL ACTION NO. 3:17-CV-661 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| EDWARD KNIGHT, ET AL | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on May 15, 2017, by *pro se* plaintiff George Minor. Plaintiff is incarcerated at the River Bend Detention Center (RBDC) in Lake Providence, Louisiana. He names as defendants Edward Knight, Johnny Hedgemon, Captain Poche, Sgt. Tiny, Sgt. Jamaica and John Does. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

On Tuesday, August 30, 2016, plaintiff was in Court in Orleans Parish on unknown charges. He was subsequently remanded into custody and incarcerated at the Orleans Parish Prison until September 2, 2016, when he was transferred to the East Carroll Detention Center. Defendants Tiny and Jamaica packed his belongings for him. He has yet to receive his personal property, despite questioning prison officials and submitting numerous grievance forms. He complains that the lost property included important personal information, including family and friend's contact information and paperwork dealing with his legal case. Now he is "forced to spend extra money to replace items [he] already had due to someone's carelessness and unconcern for inmate's things." [Rec. Doc. 1,

p.5]

Plaintiff seeks a return of his property, to be reimbursed for items that are replaceable, punitive damages for pain and suffering, a transfer to a DOC facility that is "more responsible in the handling of prisoner's property," and a temporary restraining order to prevent retaliation. [Rec. Doc. 1, p.5, ¶ V]

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120

(5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### 2. *No Constitutional Claim for Loss of Property*

Pursuant to well-established federal jurisprudence, an unauthorized negligent or even intentional wrongful deprivation of property by state employees does not amount to a violation of the procedural requirements of due process if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 542, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). Further, the burden is on the complainant to show that available post-deprivation remedies are not adequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). In the instant case, the plaintiff has not alleged that state post-deprivation remedies are unavailable to him or are inadequate. To the contrary, it is recognized that Louisiana law provides ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its loss. *Id.* at 763. Accordingly, the plaintiff's claim relative to an alleged loss of property rights is without constitutional merit.

*3. Temporary Restraining Order*

Plaintiff prays for a temporary restraining order claiming to "prevent retaliation." A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff cannot prevail because he has not demonstrated a substantial threat of irreparable injury. Further, plaintiff has not yet shown a substantial likelihood of success on the merits. His pleadings fail to state other than a conclusory claim for relief. Finally, the relief plaintiff seeks through this request for injunctive relief is too amorphous and non-specific.

*4. Transfer*

Plaintiff is an DOC inmate and therefore his placement is solely within the purview of the DOC. Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Accordingly, this request should be denied.

Accordingly,

*Conclusion*

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's requests for a Temporary Restraining Order AND for a transfer be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, June 15, 2017.

                                                                                   _____
                                                                                   KAREN L. HAYES
                                                                                   UNITED STATES MAGISTRATE JUDGE